# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE 1,<br><br>Plaintiff,<br>-against-<br><br>MCADAM FINANCIAL GROUP LLC;<br>CHARLES NORFLEET,<br><br>Defendants. | Case No.: 1:22-cv-11361-PBS |

**DEFENDANT MCADAM FINANCIAL GROUP LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant McAdam Financial Group, LLC ("McAdam"), through its undersigned counsel, responds to Plaintiff's First Request for the Production of Documents below. These responses and objections reflect McAdam's current knowledge. McAdam reserves the right to amend or supplement its responses in the future in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Massachusetts as may be necessary and appropriate.

**GENERAL OBJECTIONS**

McAdam serves these Responses and Objections without conceding the relevance or materiality of the Requests for Production of Documents ("Requests"), and without prejudice to all objections to the admissibility of any information furnished or documents produced in response thereto. Each and every Response is made subject to these General Objections.

1. McAdam objects generally to each of the Requests to the extent that they seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2. McAdam objects generally to each of the Requests to the extent that they are overly broad, and any attempt to respond would be unduly burdensome, expensive, harassing, and/or oppressive.

3. McAdam objects generally to each of the Requests to the extent that they are vague, ambiguous, and/or unintelligible.

4. McAdam objects generally to each of the Requests to the extent that they seek documents protected by the attorney-client privilege, work product doctrine or are otherwise protected against or privileged from disclosure by law or rule of court.

5. McAdam objects generally to each of the Requests to the extent that they seek documents that are protected or privileged from disclosure because they contain the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of McAdam. If any information or documents within the scope of the attorney-client privilege, attorney work product doctrine or any other applicable privileges and protections are inadvertently disclosed, McAdam has not done so intentionally. McAdam reserves the right to assert any privilege at any time during these proceedings, and further reserves its right to request the return of all privileged information and documents, including any copies or abstracts of such information or documents.

6. McAdam generally objects to each of the Requests to the extent that they call for information that is publicly available and/or equally accessible to Plaintiff.

7. McAdam objects generally to each of the Requests to the extent that they seek documents that are not in McAdam's possession, custody, and/or control.

8. McAdam objects generally to each of the Requests to the extent that they seek electronically-stored information that is not reasonably accessible within the meaning of Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

9. McAdam objects generally to each of the Instructions and Requests to the extent that they purport to impose upon McAdam any obligations in excess of those imposed by the Federal Rules of Civil Procedure.

10. McAdam generally objects to each of the Requests to the extent that they seek business information which is of a confidential, trade secret, and/or proprietary nature.

11. McAdam generally objects to each of the Requests to the extent that they seek information improperly premised upon assumptions and/or allegations.

12. McAdam objects generally to each of the Requests to the extent that they seek documents from an overly broad or unspecified period of time.

13. McAdam objects generally to each of the Requests to the extent that they seek disclosure of expert opinions and/or information in advance of the time prescribed by the applicable Rules and/or court schedule.

14. McAdam objects generally to each of the Requests to the extent that they purport to use the terms "communication", "document", "concerning", and "person" in a manner inconsistent with the definitions set forth in Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts.

15. McAdam objects generally to each of the Requests to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam.

16. McAdam will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as McAdam understands and interprets the Requests. If Plaintiff subsequently asserts any interpretation of any Request that differs from McAdam' interpretation, McAdam reserve the right to supplement its objections and responses.

17. McAdam reserve all evidentiary objections, and no waiver of any objections shall be implied from these Responses and Objections.

18. McAdam reserve the right to amend and/or supplement its Responses and Objections and production on an ongoing basis prior to trial.

19. McAdam incorporate each of these General Objections into each response below, and all responses below are made subject to and without waiver of these objections.

## RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents, communications and/or ESI supporting or relied upon by McAdam in its Motion to Dismiss Plaintiff's Complaint or in the Alternative to Transfer Venue, ECF No. 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

McAdam objects to this Request to the extent it calls for documents protected by the attorney-client, work product, or any other applicable privilege. McAdam also objects to this Request because this information is already in Plaintiff's possession. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce any non-privileged documents that are relevant and responsive to this Request that are in McAdam's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents, communications, and/or ESI related to McAdam's efforts to recruit or hire Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam further objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections, Defendant will produce responsive informational material about becoming a McAdam independent financial advisor.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents, communications, and/or ESI showing the organizational hierarchy of employees at McAdam's Boston office between June 2020 and December 2021, including reporting lines and titles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

McAdam objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam also objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections, Defendant will produce an organizational chart for McAdam LLC and states that McAdam is not aware of any other documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents, communications, and/or ESI showing the responsibilities and functions of the following employees between January 2020 and December 2021: Norfleet, Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Phil Kasden, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel, and Michael Thorsen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, Defendant will produce a Financial Advisor/Wealth Manager position description for the McAdam's Boston office.

**REQUEST FOR PRODUCTION NO. 5:**

Produce Plaintiff's entire personnel file.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "personnel file" is an undefined term. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam further objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. Subject to and without waiver of the foregoing general and specific objections, McAdam does not maintain personnel files for its independent contractors but will produce the agreements executed between Plaintiff and McAdam and Plaintiff's Form W-9 and Form 1099's.

**REQUEST FOR PRODUCTION NO. 6:**

Produce Norfleet's entire personnel file.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

McAdam objects to this Request to the extent that it purports to classify Defendant Charles Norfleet as an employee of McAdam. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "personnel file" is an undefined term. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, McAdam does not maintain personnel files for its independent contractors but will produce the agreements executed between Defendant Charles Norfleet and McAdam and Defendant Charles Norfleet's Form 1099 from 2020 and 2021.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents reflecting the job duties, responsibilities, and functions for the position held by Plaintiff during her employment at McAdam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam further objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, Defendant will produce any documents that are relevant and responsive to this Request that are in McAdam's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents, communications and/or ESI concerning Plaintiff's compensation or monies paid to Plaintiff by McAdam, including, but not limited to, all wage records, commission payments, pay stubs, payroll records, Form W-2s, Form 1099s or other tax reporting documents identifying amounts of money paid by McAdam to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce Plaintiff's Form W-9 and Form 1099's.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents, communications, and/or ESI concerning Plaintiff's job performance, including, but not limited to, formal or informal reviews of her performance,

evaluations and/or appraisals by any McAdam employee senior to Plaintiff, peer reviews, comments, or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, McAdam is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, communications, and/or ESI showing that between June 2020 and September 30, 2021, Plaintiff was covered under applicable workers compensation coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "workers compensation coverage" is an undefined term. McAdam further objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses of the case. Subject to and without waiver of the foregoing general and specific objections, McAdam is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents, communications, and/or ESI that McAdam believes supports its justification to state unemployment insurance regulators, including in Massachusetts, Pennsylvania, and New Hampshire, of its classification of employees as independent contractors, including Plaintiff and those other employees similarly situated to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. McAdam further objects to this Request as overbroad and unduly burdensome as McAdam's interaction with state unemployment insurance regulators is not relevant to any party's claim or defense. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce documents in support of Plaintiff's classification as an independent contractor of McAdam.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents, communications and ESI showing the day-to-day policies that Plaintiff was expected to adhere to regarding her required hours of work and required attendance at meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "day-to-day policies" is an undefined term. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, McAdam states that McAdam independent financial advisors do not have any required hours or attendance and that McAdam is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents, communications and ESI showing the day-to-day policies that Plaintiff was expected to adhere to regarding her requests for paid time off (PTO), vacation days, sick days and requests to arrive late or leave early during a workday.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "day-to-day policies" is an undefined term. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam additionally objects to this Request as duplicative of Request Number 12. Subject to and without waiver of the foregoing general and specific objections, McAdam states that McAdam independent financial advisors do not receive paid time off, vacations days, sick days, or any attendance policies and that McAdam is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents, communications and ESI showing the persons at McAdam responsible for training Plaintiff and employees similarly situated to Plaintiff in the "three-year Mentorship Program," and identifying the functional responsibilities assigned to such persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "three-year Mentorship Program" is an

undefined term and that there is no reference to the source of the quoted language. McAdam further objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce responsive informational material about becoming a McAdam independent financial advisor.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents, communications and ESI describing the details of McAdam's "combination of classes, workshops, and 1:1 mentoring with experienced advisors" in connection with training Plaintiff and employees similarly situated to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far there is no reference to the source of the quoted language. McAdam further objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce responsive informational material about becoming a McAdam independent financial advisor.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents, communications and ESI supporting the representations McAdam made to Plaintiff about its "advisory model" and being "focused on developing the best advisors in the industry," specifically including the representations about a 90% retention rate for advisors with McAdam for more than three years, being recognized as an "employer of the year for 2018 in financial services" and its status as the number "9 branded" fee-only RIA advisor force in the US in 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as it is unclear what the source of the quoted language is. McAdam further objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam additionally objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far there is no reference to the source of the quoted language. Subject to and without waiver of the foregoing general and specific objections, McAdam will produce responsive informational material about becoming a McAdam independent financial advisor.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents, communications and/or ESI sufficient to identify all individuals hired by McAdam to participate in its "three-year training or mentorship program" from 2017 through December 31, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff as an employee of McAdam. McAdam also objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "three-year Mentorship Program" is an undefined term and in so far there is no reference to the source of the quoted language. McAdam further objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. Subject to and without waiver

of the foregoing general and specific objections, McAdam states that it does not maintain lists of McAdam independent financial advisors in any McAdam training or mentorship program and is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents, communications and/or ESI sufficient to identify all employees who have been terminated from or quit their employment at McAdam from 2019 through the present who worked in the same position/role as Plaintiff, and who worked from the Boston office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Request to the extent it requires or purports to require the production of documents or information by McAdam that do not otherwise exist. McAdam further objects to this Request on the ground that it seeks documents and/or information that is not relevant to claims or defenses nor proportional to the needs of the case. Subject to and without waiver of the foregoing general and specific objections, McAdam does not maintain lists of McAdam independent financial advisors who no longer provide services for McAdam and is not at this time aware of the existence of any responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents, communications and/or ESI relating to any and all concerns raised or issues brought to the attention of McAdam, including informal complaints by employees or former employees working from the Boston office regarding sexual harassment, sex and/or gender discrimination, or preferential treatment of employees based on gender, from 2017 through December 31, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request because it seeks documents or information protected from disclosure by the

attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. McAdam also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, in so far as "informal complaints" is an undefined term. McAdam further objects to this Request because it is overly board in time and scope, seeks information not relevant to any party's claim or defense and not proportional to the needs of the case. McAdam additionally objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections, McAdam states that it did not receive any complaints raised through McAdam's internal reporting procedure or lawsuits or charges other than from Plaintiff of sex discrimination from 2017 through December 31, 2021 and will produce any documents that are relevant and responsive to this Request that are in McAdam's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents or information relating to any charges filed with the EEOC by any former or current employee at McAdam between 2017 through December 31, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

McAdam objects to this Request because it seeks documents or information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff. McAdam also objects to this Request because it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. McAdam further objects to this Request because it is overly board in time and scope, seeks information not relevant to any party's claim or defense and not proportional to the needs of the case. Subject to and without waiver of the foregoing general and specific objections, McAdam states that McAdam has not received any other charges of sex discrimination

between 2017 through December 31, 2021 besides Plaintiff's EEOC charge but it will produce documents relating to Plaintiff's EEOC charge made available from a Freedom of Information Act request.

**REQUEST FOR PRODUCTION NO. 21:**

Produce any text messages sent to, from or between the following persons: Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel, Michael Thorsen, and Norfleet, concerning Plaintiff or her employment with McAdam.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

McAdam objects to this Request to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general objections, McAdam states that none of the individuals listed in Request Number 21 have McAdam-issued phones and is not at this time aware of the existence of any responsive documents within McAdam's custody or control.

Date: January 13, 2023

By: Stephanie Gantman Kaplan

Stephanie Gantman Kaplan, *pro hac vice*
Andrew T. Hambelton, BBO # 678214
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5381
Steph.kaplan@blankrome.com
Andrew.hambleton@blankrome.com

*Attorneys for Defendant McAdam Financial Group LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, I served the foregoing Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents by email upon the following counsel of record:

Jeanne M. Christensen
WIGDOR LLP
85 Fifth Avenue
New York, New York 10003
(212) 257-6835
jchristensen@wigdorlaw.com

Adelaide H. Pagano
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Boston, Massachusetts 02116
(617) 994-5800
apagano@llrlaw.com

Sarah B. Herlihy
JACKSON LEWIS P.C.
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025
sarah.herlihy@jacksonlewis.com

Stephanie Gantman Kaplan
Stephanie Gantman Kaplan, Esq.