# Exhibit 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE 1,<br><br>Plaintiff,<br>-against-<br><br>MCADAM FINANCIAL GROUP LLC;<br>CHARLES NORFLEET,<br><br>Defendants. | Case No.: 1:22-cv-11361-PBS |

**DEFENDANT MCADAM FINANCIAL GROUP LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant McAdam Financial Group LLC ("McAdam"), by and through its undersigned counsel, hereby responds and objects to Plaintiff Jane Doe 1's ("Plaintiff") First Set of Interrogatories ("Interrogatories"). Based on information reasonably available to McAdam at this time, McAdam responds as follows:

## GENERAL OBJECTIONS

1. McAdam serves these objections and responses to the Interrogatories without conceding the relevance or materiality thereof and without prejudice to all objections to the admissibility of any information furnished or documents produced in response thereto. Each and every response is made subject to these General Objections.

2. McAdam objects to any and all Interrogatories to the extent that they seek the disclosure of material or information protected from discovery by a privilege or immunity, including, without limitation, the attorney/client privilege, the work/product doctrine, the Federal Rules of Civil Procedure, and relevant case law.

3. McAdam objects to any and all Interrogatories to the extent that they are overly broad, seek information that is not relevant to a party's claim or defense, and are not proportional to the needs of the case.

4. McAdam objects to any and all Interrogatories to the extent that they are oppressive and will cause McAdam undue burden and expense.

5. McAdam objects to any and all Interrogatories to the extent that they are vague and/or ambiguous.

6. McAdam objects to any and all Interrogatories to the extent that they purport to require disclosure of material or information which exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure.

7. McAdam objects to any and all Interrogatories to the extent that they are unreasonably duplicative or seek material or information which is obtainable from some other source that is more convenient, less burdensome, or less expensive.

8. McAdam objects to any and all Interrogatories to the extent that they call for information or documents that are publicly available and/or equally accessible to Plaintiff.

9. McAdam objects to any and all Interrogatories to the extent that they seek the disclosure of material or information not in McAdam's possession, custody, or control.

10. McAdam objects to any and all Interrogatories to the extent that any Interrogatory is duplicative of any other Interrogatory or Request for the Production of Documents directed to McAdam.

11. McAdam objects generally to any and all Interrogatories, including the definition of "employee" used therein, to the extent that they purport to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam's use of the term

"employee" herein expressly does not encompass any independent contractors who have or do provide services to McAdam.

12. McAdam objects to any and all Interrogatories, including the Instructions, to the extent that they do not conform to the requirements of the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts or seek to impose obligations on McAdam beyond those imposed by the Federal Rules of Civil Procedure or any other applicable law.

13. McAdam specifically reserves all objections to admissibility, and none of the following responses nor any response to the Interrogatories should be viewed as waiving such evidentiary objections as may be appropriate in conjunction with either any trial on any issue in this case or in any subsequent proceeding in this or any other action, on any ground. A partial response to any Interrogatory as to which no objection has been made, either in whole or in part, is not intended to be a waiver of the objections, and Defendant specifically reserves all stated objections.

14. To the extent specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific Interrogatory and are not to be construed as a waiver of any other General Objection that is applicable to information and/or documents falling within the scope of the Interrogatory or any other Interrogatory. Further, by agreeing to identify documents, McAdam is not representing that such documents necessarily exist.

15. McAdam reserves the right to amend and/or supplement its objections and responses on an ongoing basis prior to trial as McAdam's investigation into this matter continues.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person McAdam believes has knowledge concerning any affirmative defense asserted in its Answer.

**RESPONSE:** McAdam objects to this Interrogatory on the grounds that it is duplicative of the information already supplied by McAdam as part of McAdam's Initial Disclosures as well as Plaintiff's and Defendant Charles Norfleet's Initial Disclosures. McAdam also objects to this Interrogatory as overbroad and unduly burdensome in so far as it calls for identification of "each person" who has knowledge of McAdam's affirmative defenses as opposed to those McAdam intends to rely on. McAdam further objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam also objects to this Interrogatory as premature, as discovery is ongoing. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that the following individuals have information that McAdam may use to support its affirmative defenses in this action: Plaintiff, Defendant Charles Norfleet, John McAdam[1] (c/o Blank Rome LLP, One Logan Square, 130 N. 18th Street, Philadelphia PA 19103), Joseph MacDonald (c/o Blank Rome LLP, One Logan Square, 130 N. 18th Street, Philadelphia PA 19103), and Aaron Swenson.

**INTERROGATORY NO. 2:**

Identify each employee who was involved in the decision to hire Plaintiff at McAdam.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam further objects to this Interrogatory as vague and ambiguous in so far as "hire" is an undefined term. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that it did not hire Plaintiff in any capacity but instead engaged Plaintiff as an independent financial advisor who provided services to McAdam. McAdam further responds that Joseph MacDonald assessed Plaintiff's suitability as an independent financial advisor prior to contracting with Plaintiff.

**INTERROGATORY NO. 3:**

Describe in detail Defendant Norfleet's job responsibilities in his role of "Lead Senior Manager" while at McAdam between June 1, 2020 and July 2021.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Defendant Charles Norfleet or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections,

[1] John McAdam, McAdam's Chief Financial Officer and Chief Operating Officer, also goes by the name "Jack."

McAdam responds that Defendant Charles Norfleet, sold insurance, annuity, investment advice, and other financial products to his client, partnered with other independent financial advisors to sell insurance, annuity, investment advice, and other financial products to their clients in exchange for a split of the commissions, and was available was a resource to other sales and/or senior managers on as needed basis to answer questions about being a sales and/or senior manager.

**INTERROGATORY NO. 4:**

Identify each person who evaluated Plaintiff's work performance from June 2020 to September 2021.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous in so far as "work performance" is an undefined term. McAdam further objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that McAdam has never evaluated Plaintiff's performance of the services she provided to McAdam as an independent financial advisor at any point in time.

**INTERROGATORY NO. 5:**

Identify each McAdam employee who was present at Flight Club on June 25, 2021.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam further objects to this Interrogatory as duplicative of other Interrogatories herein. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that it is not aware of any McAdam employees present at Flight Club on June 25, 2021, but based on McAdam's investigation of Plaintiff's allegations, McAdam was informed that the following current and former McAdam independent contractors were present: Defendant Charles Norfleet, Aaron Swenson, Chris DeGiacomo, Austin Shaughnessy, and Alyson Dana.

**INTERROGATORY NO. 6:**

Identify each McAdam employee who was present at Publico on June 25, 2021.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam further objects to this Interrogatory as duplicative of other Interrogatories herein. Subject to and without waiver of the foregoing general and specific objections, see answer to Interrogatory Number 5.

**INTERROGATORY NO. 7:**

Set forth all facts upon which McAdam based its Third Affirmative Defense in the Answer.

**RESPONSE:** McAdam objects to this Interrogatory as overbroad and unduly burdensome in so far as it calls for "all facts." McAdam also objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam further objects to this Interrogatory as premature as discovery is ongoing. Subject to and without waiver of the foregoing general and specific objections, McAdam responds it has not yet collected information in support of its Third Affirmative Defense, but discovery is still ongoing and it will update its response as needed.

**INTERROGATORY NO. 8:**

Set forth all facts upon which McAdam based its Seventh Affirmative Defense in the Answer.

**RESPONSE:** McAdam objects to this Interrogatory as overbroad and unduly burdensome in so far as it calls for "all facts." McAdam also objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam further objects to this Interrogatory as premature, as discovery is ongoing. Subject to and without waiver of the foregoing general and specific objections, McAdam refers to the following Bates-stamped documents previously produced to Plaintiff in support of its Seventh Affirmative Defense: MCADAM_000084–99, MCADAM_000114–119, MCADAM_000121–127.

**INTERROGATORY NO. 9:**

State the name(s) of the employee(s) who have knowledge of the information upon which McAdam based its Eleventh Affirmative Defense in the Answer.

**RESPONSE:** McAdam objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam also objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam has knowledge about McAdam's Eleventh Affirmative Defense.

**INTERROGATORY NO. 10:**

State the name(s) of the employee(s) who have knowledge of the information upon which McAdam based its Twelfth Affirmative Defense in the Answer.

**RESPONSE:** McAdam objects to this Interrogatory as it seeks information in the possession of or equally available to Plaintiff. McAdam also objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam further objects to this Interrogatory to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam has knowledge about McAdam's Twelfth Affirmative Defense.

**INTERROGATORY NO. 11:**

Describe in detail any policies and procedures in place by McAdam regarding off-site events.

**RESPONSE:** McAdam objects to this Interrogatory as overbroad and unduly burdensome in so far as it calls for information "in detail." Subject to and without waiver of the foregoing general and specific objections, McAdam responds that it does not maintain a specific written procedure for offsite events. The gatherings on June 25, 2021 at Flight Club, Publico, or any other establishment and the kickball game referenced in Paragraphs 9 and 96–98 of the Complaint were not paid for or sponsored by McAdam. The document Bates-stamped MCADAM_000029 is applicable to independent contractors during work-related events and is applicable regardless of location.

**INTERROGATORY NO. 12:**

Describe in detail any off-site events that were funded, either wholly or partially, by McAdam from June 2020 through present.

**RESPONSE:** McAdam objects to this Interrogatory because it is overbroad, unduly burdensome seeks information not relevant to any party's claims or defense, and is not proportional to the needs of the case in that it seeks information from "any off-site event" and does not provide a geographic limit. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that there were no offsite events paid for by McAdam for independent contractors in Boston from June 2020 to the present.

**INTERROGATORY NO. 13:**

Identify each employee who has made any complaint to McAdam involving sex discrimination (including hostile work environment).

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it is duplicative of information sought in

Plaintiff's First Request for the Production of Documents. McAdam further objects to this Interrogatory as vague and ambiguous, in so far as "complaint" is an undefined term and is unlimited in time and scope. McAdam additionally objects to this Interrogatory as overly broad and unduly burdensome in so far as this Interrogatory is unlimited in time and scope. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that no employee or independent contractor made any complaints to a McAdam employee involving sex discrimination, but it did receive a complaint from Plaintiff regarding alleged misconduct by Defendant Charles Norfleet. By way of further response, McAdam is aware of an unprofessional comment made by a former independent contractor during a virtual meeting but McAdam does not concede and expressly denies that this conduct constitutes sex discrimination. McAdam reserves all rights and defenses related to the same.

**INTERROGATORY NO. 14:**

For each complaint identified in Interrogatory No. 13, identify the employee(s) responsible for investigating the complaint.

**RESPONSE:** McAdam objects to this Interrogatory to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. McAdam also objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam further objects to this Interrogatory to the extent it is duplicative of information sought in Plaintiff's First Request for the Production of Documents. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam was responsible for investigating Plaintiff's complaint.

**INTERROGATORY NO. 15:**

Identify each person who has made a complaint about Defendant Charles Norfleet's conduct to any employee at McAdam.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that Plaintiff was the sole individual who reported any misconduct by Defendant Charles Norfleet to McAdam.

**INTERROGATORY NO. 16:**

For each complaint regarding Defendant Norfleet identified in Interrogatory No. 15, identify the employee(s) at McAdam responsible for investigating the complaint.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam was responsible for investigating Plaintiff's complaint.

**INTERROGATORY NO. 17:**

Identify each employee who has been asked questions by McAdam in connection with Plaintiff's claims alleged in the Filed Complaint.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. McAdam further objects to phrase "has been asked questions" as undefined, vague and ambiguous. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that the following employees and independent contractors were interviewed as part of McAdam's investigation of Plaintiff's claims against Defendant Charles Norfleet: Plaintiff, Defendant Charles Norfleet, Joseph MacDonald, and Aaron Swenson.

**INTERROGATORY NO. 18:**

Identify the employee(s) who brought any alleged policy violation by Plaintiff to the attention of McAdam.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. McAdam additionally objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous, in so far as "policy violation" is an undefined term and is unclear as to which policy the Interrogatory is referring to. Subject to and without waiver of the foregoing general and specific objections, McAdam responds it is not aware of any violation of McAdam's workplace policy contained in the document Bates-stamped MCADAM_000029.

**INTERROGATORY NO. 19:**

Between June 1, 2019 and September 30, 2021, identify each employee who McAdam contacted about failing to update a current address in the "Advisor Address Change Log," as that

compliance document was identified by Defendant in its Motion to Dismiss, as exhibit B attached to the Declaration of John McAdam.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify Plaintiff or any other individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory as overly broad, seeks information that is not relevant to a party's claim or defense, and is not proportional to the needs of the case. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that it was not made aware of any employee or independent contractor who failed to update their address, other than plaintiff between June 1, 2019 and September 30, 2021. By way of further response, McAdam states that all licensed advisors are required to update their Advisor Address Change Log quarterly for compliance purposes.

**INTERROGATORY NO. 20:**

Identify each employee involved in the decision to terminate Defendant Norfleet.

**RESPONSE:** McAdam objects to this Interrogatory and its use of the word "terminate" to the extent that it purports to classify Defendant Charles Norfleet as an employee of McAdam. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam made the decision to end its professional relationship with Defendant Charles Norfleet in consultation with Joseph MacDonald.

**INTERROGATORY NO. 21:**

Identify each employee who provided information used in responding to these Interrogatories.

**RESPONSE:** McAdam objects to this Interrogatory to the extent that it purports to classify any individual providing services to McAdam as an employee of McAdam. McAdam also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable rule, law, privilege, protection, or doctrine. Subject to and without waiver of the foregoing general and specific objections, McAdam responds that John McAdam assisted in drafting McAdam's responses to the Interrogatories.

Dated: February 10, 2023

Stephanie Gantman Kaplan

Stephanie Gantman Kaplan, *pro hac vice*
Andrew T. Hambelton, BBO # 678214
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5381
Steph.kaplan@blankrome.com
Andrew.hambleton@blankrome.com

*Attorneys for Defendant McAdam Financial Group LLC*

**VERIFICATION**

I, John McAdam, hereby state that I am familiar with the facts and responses set forth in the foregoing Defendant McAdam Financial Group LLC's Objections and Responses to Plaintiff's First Set of Interrogatories, that I am authorized to execute this Verification, and that the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 for unsworn falsifications to authorities.

Dated: February 10, 2023

John McAdam

**CERTIFICATION**

I hereby certify that on February 10, 2023, I served the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories by email upon the following counsel of record:

Jeanne M. Christensen
WIGDOR LLP
85 Fifth Avenue
New York, New York 10003
(212) 257-6835
jchristensen@wigdorlaw.com

Adelaide H. Pagano
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street
Boston, Massachusetts 02116
(617) 994-5800
apagano@llrlaw.com

Sarah B. Herlihy
JACKSON LEWIS P.C.
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025
sarah.herlihy@jacksonlewis.com

Stephanie Gantman Kaplan

Stephanie Gantman Kaplan, Esq.