# Exhibit 4

WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Jeanne M. Christensen**
jchristensen@wigdorlaw.com

January 25, 2023

**VIA EMAIL**

Stephanie Gantman Kaplan, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Re: Doe 1 v. McAdam Financial Group LLC, et al.;
Case No. 1:22-cv-11361-PBS

Dear Stephanie:

As you know, we represent Plaintiff Jane Doe 1 in connection with her claims against your client, McAdam Financial Group LLC ("McAdam"). We have had an opportunity to review McAdam's Responses and Objections to Plaintiff's First Request for the Production of Documents ("Document Requests").[1] McAdam's responses and production to date are deficient in various ways, and we write in an attempt to resolve the issues outlined herein.[2]

As a general matter, McAdam asserted objections to certain Document Requests on the basis of the attorney-client privilege and attorney-work product doctrine. See Responses to Document Requests Nos. 1, 19 and 20. If documents are being withheld on the basis of the foregoing privilege objections, McAdam must produce a privilege log identifying each document, the date, subject matter, senders/recipients and to which Document Request the document is responsive. Accordingly, either provide a privilege log or confirm that there are no responsive documents being withheld to the extent of any privilege in accordance with FRCP 26(b)(5)(A).

Document Request 21 requested any text messages sent to, from or between the following persons: Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel, Michael Thorsen and Charles Norfleet ("Norfleet"), concerning Plaintiff or her employment with McAdam. McAdam responded that none of the individuals listed have "McAdam-issued phones" and it is unaware of responsive documents within

---

1 Please see attached Supplemental Document Requests.

2 As McAdam has not yet produced its Responses to Plaintiff's First Set of Interrogatories (the "Interrogatories"), Plaintiff reserves the right to object to McAdam's Responses to the Interrogatories once received.

McAdam's custody and control. McAdam cannot shield discoverable, relevant communications based on the premise it did not "issue" the phone from which the communications were sent. If Plaintiff does not receive responsive documents to Document Request No. 21 within seven (7) days, subpoenas will be sent to all current and former employees of McAdam that Plaintiff texted with.[3]

Document Request 11 sought documentation to state unemployment insurance regulators which justify McAdam's self-classification of employees, like Plaintiff, as independent contractors. This is highly relevant considering McAdam bases its Seventh Affirmative Defense on the premise that it was not Plaintiff's employer. Yet, when asked to produce all documents supporting its justification to state unemployment insurance regulators about its classification of employees as independent contractors, McAdam merely produced W9 and 1099 forms regarding Plaintiff and Norfleet. This shows only that McAdam required Plaintiff to agree to such a tax classification in order to work there—it does not show that such a classification complied with applicable law. McAdam must provide responsive documents which support its legal conclusion that Plaintiff is not an employee. See Mahoney v. Morgan, No. CIV.A. 08-10879-MBB, 2010 WL 3703243, at *6 (D. Mass. Sept. 16, 2010) ("The common law test consists of 13 non-exclusive factors first listed in Community for Creative Non–Violence v. Reid, 490 U.S. 730, 751 (1989), to distinguish an employment relationship from other work relationships."); see also Hogan v. InStore Grp., LLC, 512 F. Supp. 3d 157, 177 (D. Mass. 2021) (That [plaintiff] signed an Agreement classifying him as an independent contractor does not dictate the outcome of [the] legal analysis); DaSilva v. Border Transfer of MA, Inc., 377 F. Supp. 3d 74, 94 (D. Mass. 2019) ("[M]isclassification does not turn on how the parties contractually label their relationship.").

Document Requests Nos. 5 and 6 requested the personnel files of Plaintiff and Norfleet, respectively. In response, McAdam produced nothing. It failed to produce relevant information using the excuse that because Plaintiff and Norfleet were classified by McAdam as independent contractors, it had no obligation to maintain personnel files. Notably, not a single case was cited as authority for such a proposition, and no such case exists. It is no defense to say that prior complaints about Norfleet were not contained in his file, for example, because McAdam does not maintain personnel files. Whether it maintains files or not, McAdam is required to produce all information regarding the employment histories, including achievements or discipline for Plaintiff and Norfleet in its possession. Additionally, McAdam further claimed that it was not aware of any responsive documents concerning Plaintiff's job performance or Norfleet's in response to Document Request 9. It is incredible for McAdam, a financial advisory firm, to assert it does not have *any* records regarding the employment of those who have worked for it. Confirm that McAdam kept no records regarding basic employment events such as discipline, misconduct, performance, and the separations for Plaintiff or Norfleet.

---

[3] As per the attached supplemental request, the list of text messages sent to, from or between the following persons has been supplemented to add Jamie Espinola and Carli Klimas.

WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

Document Request No. 19 sought all documents regarding concerns or issues brought to the attention of McAdam, including informal complaints regarding sexual harassment, sex and/or gender discrimination, or preferential treatment of employees based on gender, from 2017 through December 31, 2021. In its response, McAdam mentioned that it did not receive any complaints raised through McAdam's internal reporting procedure or lawsuits or charges, other than Plaintiff. However, Document Request No. 19 also specifically requests documents regarding informal concerns or complaints of discrimination. McAdam is silent to this point. Please confirm that from 2017 through December 31, 2021, McAdam received no informal complaints, outside of its internal reporting procedure, regarding sexual harassment, sex and/or gender discrimination, or preferential treatment of employees based on gender.

Document Request No. 3 requested all documents, communications, and/or ESI showing the organizational hierarchy of employees at McAdam's Boston office between June 2020 and December 2021, including reporting lines and titles. In response, McAdam produced a self-made "organizational chart" that neither states which office the people illustrated therein work from nor their responsibilities. Confirm that McAdam is not in possession of any documents responsive to the request for the organizational hierarchy of employees at McAdam's Boston office between June 2020 and December 2021.

Document Request No. 4 requested all documents, communications, and/or ESI showing the responsibilities and functions of the following employees between January 2020 and December 2021: Norfleet, Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Phil Kasden, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel and Michael Thorsen. McAdam objected that the Request purports to require the production of documents or information that do not otherwise exist. Then, McAdam stated that it would produce a Financial Advisor/Wealth Manager position description for McAdam's Boston office. The people listed in Document Request No. 4 were not all Financial Advisors. For instance, Jack McAdam is the CFO and COO and Joe MacDonald is a Vice President. Please confirm that McAdam has no responsive documents showing the responsibilities and functions of its employees including Norfleet, Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Phil Kasden, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel and Michael Thorsen, in their individual roles. It is doubtful that not a single email between or among these individuals exists in which responsibilities, functions or day to day tasks are discussed.

Document Request No. 12 requested all documents, communications and ESI showing the day-to-day policies that Plaintiff was expected to adhere to regarding her required hours of work and required attendance at meetings. McAdam responded that "independent financial advisors do not have any required hours or attendance" and produced no responsive documents. Confirm that McAdam does not have any communications between itself and Plaintiff, including emails, that show Plaintiff's attendance was required at any meeting.

Document Request No. 14 requested all documents, communications and ESI showing the persons at McAdam responsible for training Plaintiff and employees similarly situated to Plaintiff in the

"three-year Mentorship Program," and identifying the functional responsibilities assigned to such persons. McAdam merely produced informational material about becoming a McAdam independent financial contractor. McAdam produced absolutely no documents responsive to the question of who was responsible for training Plaintiff regarding her functional responsibilities while working at McAdam. Please confirm that McAdam has no responsive documents regarding the persons responsible for training Plaintiff—otherwise, we will conclude that no one trained her.

Document Request No. 15 sought all documents, communications and ESI describing the details of McAdam's "combination of classes, workshops, and 1:1 mentoring with experienced advisors" in connection with training Plaintiff and employees similarly situated to Plaintiff. Again, McAdam produced general informational material about becoming a McAdam independent financial advisor. Please confirm that McAdam does not have a single communication, including emails, between management and Plaintiff regarding her attendance at any classes, workshops and/or 1:1 mentoring with experienced advisors.

Document Request No. 17 sought documents, communications and/or ESI sufficient to identify all individuals hired by McAdam to participate in its "three-year training or mentorship program" from 2017 through December 31, 2021. In response, McAdam alleged that it "does not maintain lists of McAdam independent financial advisors in any McAdam training or mentorship program." Such a response is incredulous. At a minimum, a review of payroll records would provide responsive information to these requests. Likewise, Document Request No. 18 requested all documents, communications and/or ESI sufficient to identify all employees who have been terminated from or quit their employment at McAdam from 2019 through the present who worked in the same position/role as Plaintiff, and who worked from the Boston office. Again, McAdam asserted that it does not maintain lists of McAdam independent financial advisors who no longer provide services for McAdam. Again, this is preposterous. If McAdam is unwilling to review its records, then it can provide all of its payroll records for the required period and counsel for Plaintiff can ascertain who was paid in 2019, but not in 2020 or 2021, for example.

McAdam further claimed that it is not aware of responsive documents identifying all employees who have been terminated from or quit their employment at McAdam from 2019 through the present who worked in the same position/role as Plaintiff, and who worked from the Boston office. As above, it is inconceivable that a company selling its services to consumers to handle their financial interests cannot even answer simple questions about the names of people who have worked at the company in the last three years because it does not know. Responsive information to these requests must be provided. Alternatively, confirm that McAdam does not know the names of any individuals who participated in its "three-year training or mentorship program," including from 2017 through December 31, 2021, nor does it have the names of individuals who worked in the same role as Plaintiff in the Boston office from 2019 through present who exited McAdam.

Document Request No. 2 sought all documents, communications, and/or ESI related to McAdam's efforts to recruit or hire Plaintiff. Instead, McAdam merely produced "informational material about becoming a McAdam independent financial advisor." Of course, efforts to recruit or hire Plaintiff

WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

would involve more than general informational materials, and at the very least involve some correspondence between Plaintiff and McAdam. Confirm that McAdam has no records that it interviewed Plaintiff, no notes from any interviews nor any correspondence with Plaintiff prior to her hiring in May 2020.

We are available on Friday, January 27, 2023, between 5:00-6:00pm to discuss discovery deficiencies. Please advise whether this timeframe is amenable.

Regards,

Jeanne M. Christensen

WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

**SUPPLEMENTAL DOCUMENT REQUESTS**

1. Produce all documents received from or submitted to the Internal Revenue Service ("IRS") or the Massachusetts Department of Revenue ("MDR"), responsible for administering the provisions of G.L. c. 149, § 148B, which show that McAdam was exempt from wage withholding requirements during Plaintiff's period of employment, and the 2-year period before her employment. This request includes production of any documents McAdam provided to the IRS or the MDR showing McAdam's basis for its classification that all individuals working for the company are properly designated under independent contractor status as defined by the IRS.

2. Produce all documents received by McAdam regarding any Workers' Compensation claims submitted from 2017 through 2022. This request includes the production of documents pursuant to any Workers' Compensation claims which were submitted from 2017 through 2022, whether the claim was approved or denied.

3. Produce any text messages sent to, from or between the following persons: Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel, Michael Thorsen, Norfleet, Jamie Espinola and Carli Klimas, concerning Plaintiff or her employment with McAdam.