**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JANE DOE 1,<br><br>Plaintiff,<br><br>v.<br><br>MCADAM FINANCIAL GROUP LLC, and CHARLES NORFLEET, in his individual and professional capacity,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | Case No.: 1:22-cv-11361-PBS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT CHARLES NORFLEET**

**WIGDOR LLP**

Jeanne M. Christensen
Kassandra Vazquez

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
kvazquez@wigdorlaw.com

*Counsel for Plaintiff*

Plaintiff Jane Doe 1 ("Plaintiff"), by and through her undersigned counsel, Wigdor LLP, hereby submits this Memorandum of Law in Support of her Motion to Compel Defendant Charles Norfleet ("Norfleet" or "Defendant") to respond to interrogatories and to produce relevant documents and information.

## I. RELEVANT BACKGROUND

Plaintiff commenced this action against her former employer McAdam Financial Group LLC ("McAdam") and Norfleet, after he tragically raped her on June 25, 2021 after a company-sponsored event. Norfleet started at McAdam in 2017 and worked from McAdam's Boston office. Plaintiff, after graduating college, started working at McAdam in June 2020, as part of its three-year financial advisor training and mentorship program. She was hired to work in McAdam's Boston office, but because of COVID-19 Plaintiff worked remotely. Norfleet was a "Lead Senior Manager" at McAdam and was in a supervisory position above entry-level financial advisors such as Plaintiff. *See* Decl. of Jeanne M. Christensen, Ex. 1 at ¶37.[1] Unfortunately, the sole day that Plaintiff reported to McAdam's Boston office, and attended an outing with 18 other employees, June 25, 2021, is the day that Norfleet sexually assaulted her. That day after work, McAdam Financial hosted a work social event at a bar called Flight Club to celebrate achieving some internal goals. *See* Ex. 1 at ¶64. As the night progressed, Norfleet began feeding Plaintiff drinks in an attempt to get her intoxicated. *See* Ex. 1 at ¶67. At some point, the group of McAdam employees went to another bar called Publico, where Plaintiff felt her intoxication level increase dramatically. *See Id.* Tragically, the next morning, Plaintiff woke up naked in a strange bed—that of Norfleet; it was clear to Plaintiff that she had been raped while she was unable to consent. *See* Ex. 1 at ¶71. Abhorrently, that morning, Norfleet raped Plaintiff again without her consent. *See* Ex. 1 at ¶75.

---

[1] References herein to "Ex. __" refer to Exhibits attached to the Decl. of Jeanne M. Christensen in Support of Plaintiff's Motion to Compel Discovery.

In his Answer (Dkt. No. 60), Norfleet admits *inter alia* that his title was "Lead Senior Manager," that "he ran meetings for other financial advisors affiliated with McAdam Financial," and that "he helped Plaintiff with her efforts to acquire approximately two clients." *Id.* at ¶ 37. Norfleet admits that he started at McAdam Financial in May 2017, but denies working from the Boston office at all times. *Id.* at ¶ 38. Additionally, as affirmative defenses, Norfleet asserts that Plaintiff's injuries were proximately caused by her own negligent or intentional conduct or by the conduct of others, not Norfleet. Among other affirmative defenses, Norfleet states that her claims are barred by waiver, estoppel, unclean hands, that none of his acts or omissions were a proximate cause of her damages, and that her claims are barred by the applicable statutes of limitations. Dkt. No. 60, at 19-20.

## II. <u>NATURE OF THE DISCOVERY DISPUTES</u>

Norfleet received Plaintiff's First Request for Production of Documents ("Document Requests") and First Set of Interrogatories on December 12, 2022 and January 11, 2023, respectively. *See* Exs. 2 and 3. In discovery, Plaintiff sought tailored information and documents about Norfleet's managerial role at McAdam and those he reported to, his interactions with Plaintiff, his interactions with McAdam employees after work hours, his communications with McAdam employees regarding Plaintiff and his role in training and providing feedback to Plaintiff, as well as those similarly situated trainees to Plaintiff.

Without explanation, Norfleet has not responded to a single interrogatory. In addition, Norfleet produced nothing except 15 pages of documents, some largely redacted, with no redaction log. On February 17, 2023, Plaintiff sent Norfleet a letter noting the various deficiencies in his production to date and, in accordance with the rules, offered to schedule a meet and confer to avoid judicial intervention. *See* Ex. 4. Norfleet failed to respond. Again, on March 20, 2023, Plaintiff followed up with Norfleet regarding the many persisting deficiencies in his production to date and

once more offered to schedule a meet and confer to resolve these issues. *See* Ex. 5. Again, Norfleet failed to reply. Despite Plaintiff's best efforts to avoid motion practice on these issues, Norfleet's complete lack of responsiveness has left no choice.

## III. ARGUMENT

The general rule regarding the scope of discovery is found in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"As a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action." *Cherkaoui v. City of Quincy*, No. 14 Civ. 10571-LTS, 2015 WL 4504937, at *1 (D. Mass. July 23, 2015) (internal citations omitted). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff tailored her discovery requests to Norfleet's role and functions at McAdam, his interactions with Plaintiff and other McAdam employees and his purported affirmative defenses. Despite this, Norfleet has produced next to nothing and has not responded to Plaintiff's interrogatories. Case law makes clear that "[t]he party resisting discovery bears 'the burden of showing some sufficient reason why discovery should not be allowed.'" *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19 Civ. 11020-ADB, 2021 WL 1821358, at *2 (D. Mass. May 6, 2021) (quoting *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F. Supp. 1165, 1186 (D. Mass. 1989)).

### A. The Court Should Compel Norfleet to Produce All Responsive Documents in His Custody or Control

In response to all but one of the Document Requests at issue, Norfleet responded, "[d]ocuments responsive to this request would be in the custody, control, or possession of [McAdam] and this request is properly directed to that entity." This is not a proper basis of objection. Whether McAdam has responsive documents in its control is immaterial to Norfleet's discovery obligations; if Norfleet has responsive documents in his custody or control, he must produce them. However, despite Plaintiff's repeated requests, Norfleet's mere 15-page production was never supplemented.

Below is a summary of the highly relevant documents Plaintiff requested that Norfleet has failed to provide:

- All documents, communications, and/or ESI showing the organizational hierarchy at McAdam's Boston office during Norfleet's employment, including his reporting lines and titles. Norfleet responded that to the extent he identified any responsive documents, he would produce them. However, no responsive documents were produced to this Request despite the fact that Norfleet worked at McAdam for two years. *See* Ex. 2 at ¶ 2.

- All documents, communications and/or ESI in his possession reflecting Norfleet's work-related interactions with Plaintiff between June 2020 and July 2021. Norfleet responded that to the extent he identified any responsive documents, he would produce them. Again, Norfleet produced no responsive documents that show any work-related interactions with Plaintiff despite the fact that Norfleet assisted Plaintiff in getting clients, and also was the instructor in numerous training classes attended by Plaintiff. *See* Ex. 2 at ¶ 3.

- All text messages between June 2020 and the present about or relating to Plaintiff in any way between Norfleet and any of the following individuals: Aaron Swenson, Ian Helmus, Davis Wilson, Joseph MacDonald, Jack McAdam, Alyson Dana, Chris DeGiacomo, Haley Tackett, Catherine Flugel, or Michael Thorsen. In response, Norfleet produced one redacted text chain between himself and Ian Helmus regarding Plaintiff. Norfleet did not provide a basis for these redactions, nor did he confirm whether he has no other responsive documents in his custody, control or possession despite Plaintiff's repeated requests. *See* Ex. 2 at ¶ 4.

- All documents communications, and/or ESI reflecting Norfleet's job duties, responsibilities and functions between January 2020 and July 2021. Again, Norfleet

produced no documents responsive to this request and failed to represent whether he has responsive documents in his custody or control. *See* Ex. 2 at ¶ 5.

- All documents, communications and ESI showing Norfleet's role or function in helping to train Plaintiff as an advisor, including whether he participated or led any classes, workshops or 1:1 mentoring of Plaintiff. Norfleet produced no documents responsive to this Request. This is ludicrous considering Norfleet worked in a supervisory role and instructed numerous classes attended by Plaintiff. *See* Ex. 2 at ¶ 6.

- All documents, communications and ESI, between 2019 and July 2021, showing Norfleet's role or function in helping to train entry-level advisors who worked at the Boston office of McAdam, including documents that identify the names of any such trainees. Norfleet produced no documents responsive to this request despite having been taught multiple classes attended by Plaintiff and those similarly situated to Plaintiff. *See* Ex. 2 at ¶ 7.

- All receipts, credit card statements or other documents relating to Norfleet's purchases or expenditures of any kind made on June 25, 2021 and June 26, 2021. Norfleet produced documents showing Ubers he paid for on the requested dates. Despite repeated requests, Norfleet has not confirmed whether he is withholding documents. *See* Ex. 2 at ¶ 8.

- All documents showing any changes in job titles, promotions or compensation increases relating to Norfleet's employment between January 2018 and his exit from McAdam. Norfleet only produced 1099 forms with the compensation redacted. Of course, information regarding Norfleet's compensation is directly relevant to Plaintiff's damages. Norfleet failed to provide a basis for the redaction and further failed to represent whether has no other responsive documents in his custody or control. *See* Ex. 2 at ¶ 9.

- All documents showing who Norfleet reported to at McAdam between June 2019 and his exit. Norfleet responded that to the extent he identifies responsive non-privileged documents, he will produce them. *See* Ex. 2 at ¶ 10. However, Norfleet provided no documents responsive to this Request.

- All documents showing Norfleet's contributions to reviews of Plaintiff's performance, formal or informal, between June 2020 and July 2021. Again, Norfleet produced no responsive documents to this Request. *See* Ex. 2 at ¶ 11.

- All documents, communications and ESI, including texts, between Norfleet and Plaintiff. In response, Norfleet produced texts with Plaintiff which merely spanned over the course of one weekend. He further failed to clearly state whether he has no other responsive documents in his custody or control. *See* Ex. 2 at ¶ 12.

In connection with Document Requests 2-7 and 9-12, Norfleet did not set forth a single objection and as such has absolutely no basis to withhold documents. In light of this, Plaintiff respectfully

requests that Norfleet be compelled to provide responses to these requests. As noted, Norfleet only objected to Document Request No. 8, which sought all purchases or expenditures of any kind made on June 25, 2021 and June 26, 2021. Norfleet objected that such information was irrelevant. However, Plaintiff has sufficiently alleged that while at an outing with McAdam employees, where Norfleet was not only present but pursuing Plaintiff, she felt her intoxication level dramatically increase before waking up naked in Norfleet's bed on June 26, 2021. Of course, Norfleet's purchases or expenditures on June 25, 2021 and June 26, 2021 are relevant to the subject matter of this action, especially in connection with alcohol. However, it is Norfleet's burden, as the party resisting discovery, to show sufficient reasons why production should not be compelled. *See Green v. Cosby*, 152 F. Supp.3d at 35. Despite Plaintiff's repeated offers to engage Norfleet in a meet and confer, Plaintiff's efforts have been rebuffed and Norfleet has not provided any basis for this objection – because there is none.

**B. <u>The Court Should Compel Norfleet to Respond to Plaintiff's Interrogatories</u>**

This matter involves the sexual assault of Plaintiff by her superior, "Lead Senior Manager," Norfleet while at a company-sponsored event on June 25, 2021. As such, Plaintiff's interrogatories deal with critical issues of the case, such as Norfleet's affirmative defenses and denials, the functions and responsibilities of Norfleet's supervisory role at McAdam as well as his interactions with Plaintiff and his interactions with those similarly situated to Plaintiff. *See* Ex. 3. Despite the clear relevancy of the information sought, Norfleet has categorically refused to respond to Plaintiff's interrogatories. Similarly, Norfleet has ignored Plaintiff's attempts to schedule a meet and confer to avoid burdening this Court with needless discovery disputes. *See* Exs. 4 and 5. Norfleet is simply choosing to disregard his discovery obligations. This conduct cannot go unchecked. Therefore, Plaintiff respectfully requests that Norfleet be compelled to respond to Plaintiff's interrogatories 1-17.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Discovery Responses in its entirety.

Dated: March 29, 2023
New York, New York

**WIGDOR LLP**

By: ______________________

Jeanne M. Christensen
Kassandra Vazquez

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
kvazquez@wigdorlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I caused the foregoing document to be served on all counsel of record *via* ECF.

Dated: March 29, 2023

Jeanne M. Christensen

**STATEMENT PURSUANT TO LOCAL RULES 7.1 AND 37.1**

Pursuant to Local Rules 7.1 and 37.1, I hereby certify that on February 17, 2023, and again on March 20, 2023, counsel for Plaintiff sent correspondence to counsel for Defendant Norfleet regarding various discovery deficiencies, offering to hold a meet and confer, to which counsel for Defendant Norfleet did not respond.

Defendant Norfleet did not consent to the relief requested in the motion regarding Defendant Norfleet's discovery responses.

Dated: March 29, 2023

Jeanne M. Christensen