**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE 1,<br><br>Plaintiff,<br><br>-against-<br><br>MCADAM FINANCIAL GROUP LLC;<br>CHARLES NORFLEET,<br><br>Defendants. | Case No.: 1:22-cv-11361-PBS |

**DEFENDANTS' DISCOVERY STATUS REPORT**

Defendant McAdam Financial Group LLC ("McAdam") and Defendant Charles Norfleet ("Norfleet" and collectively "Defendants"), by and through their undersigned counsel, write to update the Court on the status of outstanding discovery issues in this matter. Defendants attempted to file a joint status report with Plaintiff Jane Doe 1 ("Plaintiff") but Plaintiff's counsel advised that she would be unable to coordinate with Defendants to timely file this status report in compliance with U.S. District Court for the District of Massachusetts Local Rule 5.4(d).

Consistent with the Court's Order on June 5, 2023 (ECF No. 121), counsel for all parties met on June 6, 2023 to discuss all open discovery issues. Following the meet and confer, Plaintiff produced certain relevant documents. Plaintiff continues to withhold or failed to produce the following relevant documents and information:

1. As previously ordered by the Court on March 22, 230 (ECF No.96), medical records, including treatment notes, treatment records, and billing records from Plaintiff's current therapist. Plaintiff produced a one-page letter from Plaintiff's current therapist, but not complete records and has refused to follow up with the treating physician to obtain the same; and

2. Addresses for Plaintiff's two roommates and boyfriend, all of whom are identified in the documents produced by Plaintiff as individuals with discoverable information and Plaintiff has not dispute that they possess information relevant to this matter.

In the interest of efficiency, counsel for McAdam offered for Plaintiff's counsel to coordinate the depositions of these individuals and that McAdam would extend the same professional courtesy with respect to its current contractors to the maximum extent possible. Plaintiff to date has not agreed.

Since the last Court hearing and consistent with the Court's May 9, 2023 Order (ECF No. 113), McAdam has produced Plaintiff's McAdam inbox in its entirety, along with emails from Norfleet's McAdam inbox as requested by Plaintiff, for a total of 16,867 pages of documents. Defendant Norfleet has provided all responsive documents in his custody, control and possession, and has responded to Plaintiff's inquiry regarding how he searched for text messages by confirming that he did use a commercially available search program and reviewed iCloud storage locations to seek to identify responsive texts.

At the meeting and confer on June 6, 2023, Plaintiff's counsel raised that certain documents from Defendants remained at issue. With respect to McAdam, Plaintiff stated that certain documents responsive to her fourth and fifth sets of document requests to McAdam had not been produced, without providing specifics. As McAdam advised Plaintiff in response to those requests, there is no obligation to respond to such requests pursuant to U.S. District Court for the District of Massachusetts Local Rule 26.1(c), which limits document requests to two (2) sets. Further, McAdam asked if its extension production had been reviewed in light of these requests and was advised that no such review had been conducted. Nonetheless, as a good faith gesture to resolve the matter McAdam requested a specific list of relevant outstanding requests. As of this filing, none have been provided nor were these issues previously raised at the most recent

discovery hearing or in any of the numerous discovery-related filings submitted by Plaintiff to the Court.

On the meet and confer call, Defendant Norfleet confirmed that he has fully responded to questions raised by Plaintiff with respect to Norfleet's discovery responses. Plaintiff's counsel has not identified any remaining issues with Norfleet's response to written discovery or his production.

Defendants are deeply concerned that Plaintiff's failure to timely address discovery matter consistent with the Court's Orders is yet another tactic to delay discovery and depositions, which as the Court may recall, have already been postponed. Defendants are prepared and expect to proceed with depositions in short order and want to ensure that there is no further delay of the same.

Respectfully Submitted,

DEFENDANT,

CHARLES NORFLEET

By his attorney,

*/s/ Sarah B. Herlihy*
Sarah B. Herlihy, BBO # 640531
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
Telephone: (617) 367-0025
sarah.herlihy@jacksonlewis.com

DEFENDANT,

MCADAM FINACIAL GROUP LLC

By its attorneys,

*/s/ Stephanie Gantman Kaplan*
Stephanie Gantman Kaplan, *pro hac vice*
Andrew T. Hambelton, BBO # 678214
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5381
Steph.kaplan@blankrome.com
Andrew.hambleton@blankrome.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I served the Discovery Status Report and Request for Follow up Court Conference by via ECF upon all counsel of record:

*/s/ Sarah B. Herlihy*
Sarah B. Herlihy

4884-3345-8025, v. 1